IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr198

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| MITCHELL ALLEN LOCKLEAR ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 29), and the government's response (Doc. No. 37).

The defendant pled guilty to possessing a firearm after being convicted of a felony and at least 5 grams of cocaine base and some quantity of marijuana with intent to distribute. (Doc. No. 23: Judgment at 1). At sentencing, the Court determined that the amount of drugs reasonably foreseeable to the defendant was at least 24.5 grams of cocaine base and 77.4 grams of marijuana, for a combined marijuana equivalency of 490 kilograms. (Doc. No. 24: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 23). The resulting offense level of 28 was reduced by 3 for acceptance of responsibility (PSR at ¶ 31). Combined with a criminal history category of II, the resulting advisory guideline range was 63-78 months.[1] (Doc. No. 24: SOR at 1). The Court sentenced the defendant to 63 months' imprisonment, the low end of the range. (Doc. No. 23: Judgment at 1).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 29. As amended, USSG §1B1.10(b)(1)

---

[1] The firearm offense grouped with the drug offense and did not affect the guideline calculation. (PSR at ¶ 16).

directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. The amended offense level for possessing a marijuana equivalency of 490 kilograms is 26. USSG §2D1.1 (c)(6) Comment. n.10(D) (2008). The subtraction of three levels for acceptance of responsibility results in a total offense level of 23. The amended guideline range, given a criminal history category of II, and the statutory mandatory minimum for possessing at least 5 grams of cocaine base, is 60-63 months.[2] The government acknowledges that the defendant is eligible for a sentence reduction based on the change in the guideline range. (Doc. No. 37: Response at ¶ 8). The Bureau of Prisons has credited the defendant with serving approximately 39 months' incarceration. (Doc. No. 30: PSR Supplement at 1).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 60 months' imprisonment on each count concurrently.

**IT IS FURTHER ORDERED** that, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed remain unchanged.

---

[2] The firearm offense still does not affect the guideline calculation.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 7, 2008

Robert J. Conrad, Jr.
Chief United States District Judge